UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STATE OF NEW YORK, NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION and BASIL SEGGOS, as
Commissioner of the New York State
Department of Environmental Conservation,                    **CONSENT DECREE**

                         Plaintiffs,

- against -                                                  **CASE NO. 1:21-cv-321 (MAD/CFH)**

OUDERKIRK RTP, INC.,

                         Defendant.
-----------------------------------------------------------------x
OUDERKIRK RTP, INC.,

                         Third-Party Plaintiff,

 -against

PETER L. ARNOS, EDNAMAE ARNOS,
FASHION CARE LAUNDRY & DRY CLEANERS,
INC., HYUN SHIK CHUN AND NEW FASHION
CARE LAUNDRY & CLEANERS, INC.,

                         Third-Party Defendants.
-----------------------------------------------------------------x

Plaintiffs State of New York, New York State Department of Environmental Conservation and Basil Seggos ("Seggos"), in his capacity as Commissioner of the New York State Department of Environmental Conservation ("DEC") (collectively, the "State"), agree as follows with Defendants Ouderkirk RTP, Inc. ("Ouderkirk") and Third-Party Defendants Peter L. Arnos, Ednamae Arnos, Fashion Care Laundry & Dry Cleaners, Inc. (together "Arnos"), Hyun Shik Chun and New Fashion Care Laundry & Cleaners, Inc. (together "Chun") (collectively, "Settling Defendants"):

**WHEREAS**, on March 22, 2021, the State commenced this action against Defendant Ouderkirk pursuant to the Comprehensive Environmental Response, Compensation, and Liability

Act ("CERCLA"), and New York's common law of restitution, seeking to recover response costs that allegedly have been and will be incurred by the State in responding to the release or threatened release of hazardous substances at the property identified as 595 Columbia Turnpike, East Greenbush, New York (the "Site"); and for alleged injury to natural resources resulting from those releases;

**WHEREAS**, during the pendency of this case, and without any admission of liability, the State and Settling Defendants engaged in settlement discussions regarding reimbursement to the State for its alleged response costs and the State's claim for injury to natural resources;

**WHEREAS**, the State and Settling Defendants (each a "Party" and together, the "Parties") desire to enter into this decree in order to fully and finally resolve all claims that have been and could now or hereafter be asserted by the parties with respect to the Matters Addressed, as defined below, without the necessity or further expense of prolonged and complex litigation, and without admission of liability, adjudication, or determination of any issue of fact or law; and

**WHEREAS**, Settling Defendants have demonstrated an inability to pay the full amount of their alleged liability;

**WHEREAS**, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and the implementation of the Consent Decree will avoid prolonged and uncertain litigation between the Parties, and that this Consent Decree is fair, reasonable, in the public interest, and in furtherance of the statutory goals of CERCLA.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:**

## PURPOSE AND SCOPE OF THIS DECREE

1.      The purpose of this decree is to fully resolve claims set forth in the State's complaint and any other claims that could have been made by the State against Settling Defendants with regard to the Matters Addressed, defined in Paragraph 2 below, and subject to Paragraph 13 below; to release Settling Defendants from liability for the Matters Addressed; and to provide full and complete contribution protection to Settling Defendants with regard to the Matters Addressed pursuant to CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), and 6 NYCRR § 375-1.5(b)(5).

2.      "Matters Addressed," as that term is used in this decree, is defined to include claims that were, or could now or hereafter be, asserted by the State or any other party against Settling Defendants arising out of or in connection with the disposal, release, migration, and/or threat of release of hazardous substances at and/or from the Site, including but not limited to any and all injuries to natural resources and response costs, past or future, and all other claims or causes of action under CERCLA and any other federal, state, local or common law arising out of or in connection with, without limitation, the disposal, release, migration and/or threat of release of hazardous substances at and/or from the Site.

## JURISDICTION

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). Settling Defendants hereby waive all objections and defenses they may have to the jurisdiction of the Court or to venue in this District. The Court shall have continuing jurisdiction to enforce the terms of this decree and to resolve any disputes that may arise hereunder.

**PARTIES BOUND**

4.    This decree shall apply to, and be binding upon, the State, including its departments, agencies, and instrumentalities, and shall apply to and be binding upon Settling Defendants and their respective heirs, agents, members, shareholders, successors, representatives, insurers, and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets of real or personal property, shall in no way alter the status of responsibilities of the Parties under this Consent Decree.  Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this decree and to bind the party on whose behalf he or she signs.

**DEFINITIONS**

5.    Unless otherwise expressly defined herein, terms used in this decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.

**DISCLAIMER OF ADMISSIONS AND DENIALS**

6.    Nothing in this decree shall constitute nor be construed as an admission or adjudication of liability on any issue of law or fact.

7.    Nothing in this decree shall constitute evidence that alleged response costs or natural resource damages are divisible or can be reasonably apportioned among any defendants in this action.

8.    Settling Defendants are entering into this decree as a compromise of disputed claims and in doing so do not admit any liability, wrongdoing, or fault under any of the claims alleged against them in the complaint.

## SETTLING PARTIES OBLIGATIONS

9.      Settling Defendants shall:

a.      Third-Party Defendant Arnos will pay to the State the sum of Ten Thousand Dollars ($10,000.00) within thirty (30) days of this Decree being So-Ordered;

b.      Defendant Oderkirk will transfer title to the Site to Third-Party Defendant Chun, or an LLC to be named by Chun, for a sum of One Dollar ($1.00) as per the terms of the attached agreement within forty-five (45) days of this Decree being So-Ordered;

c.      Third-party Defendant Chun will pay to the State of New York the sum of Two Hundred and Fifty-Thousand Dollars ($250,000.00) at the closing of the transfer title of the Site to Chun as provided in Subparagraph 9(b);

d.      The State will complete the remediation of the Site (including any off-site response) at its sole cost and expense, including long-term site-management obligations and any further investigation; and

e.      Third-Party Defendant Chun agrees and the deed shall provide that Third Party Defendant Chun or his designee for purchase of the property may not apply and is ineligible for the State Brownfield Cleanup Program or similar programs relative to the Site.

10.     The payments required by this Decree shall be made by certified check, payable to "The State of New York" and sent to Stephen Nagle, Assistant Attorney General, New York State Department of Law, Environmental Protection Bureau, The Capitol Albany, New York 12224-0341.

11.     At the time such settlement payments are remitted, Settling Defendants shall provide written or electronic notice of the remittance in accordance with Paragraph 22 below. Failure to make the payments required in Paragraphs 9(a) and 9(c) in the time period specified therein shall constitute a default under this decree by those paying Settling Defendants. In the event

of such default, the State shall send written notice of the default to the paying Settling Defendants. Such notice shall be sent to paying Settling Defendants pursuant to Paragraph 22. Those paying Settling Defendants shall have thirty (30) days from the date of mailing of such notice to cure the default by payment of the amount originally due.

12.    The payment terms under this decree represent a fair and reasonable contribution by Settling Defendants toward the total response costs that have been or will be incurred with respect to releases of hazardous substances at and/or from the Site and natural resource damages at the Site. The parties agree, and this Court by entering this decree finds, that this decree has been negotiated in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this decree is fair, reasonable, and in the public interest.

### COVENANTS NOT TO SUE AND RESERVATION OF RIGHTS

13.    **Covenant Not to Sue the Settling Defendants.**  Upon the payments provided in Paragraphs 9(a) and 9(c), the State releases and covenants not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state, local, or common law (other than enforcement of this decree) against Settling Defendants together with each and all of their past, present and future officers, directors, shareholders, principals, members, attorneys, agents, servants, heirs, beneficiaries, insurers, estates, administrators, executors, heirs, legatees, distributes, employees, representatives, contractors, consultants, predecessors, successors, assigns, parents, subsidiaries, associated entities, and affiliated companies, for any claims, demands, causes of actions, losses, damages (including natural resource damages), liabilities, costs and expenses (including attorneys' fees and disbursements) whether known or unknown, liquidated or contingent, for any matter arising out of or relating to the Matters Addressed including, without limitation, any claims or causes of action for costs, damages, enforcement costs, interest, indemnification, contribution, or attorneys' fees.

The State understands that there may be conditions at the Site with regard to environmental claims that are unknown at present, or that there may be unknown complications or conditions at the Site, which may result in the future in response costs being incurred which are not presently known or anticipated. The State acknowledges that the consideration paid as specified herein is intended to and does release and forever discharge the Settling Defendants as set forth herein with regard to such unknown or future response costs regardless of mistake of fact or mistake of law.

Notwithstanding any other provision of this Consent Decree, the State reserves its rights, if any, to initiate proceedings against Settling Defendants or their respective heirs, agents, successors, representatives, insurers, and assigns, seeking recovery of future response costs based on: (1) conditions creating a significant threat to public health and the environment that, as of the Effective Date, DEC was unaware of and could not have discovered through the exercise of due diligence (Unknown Conditions); or (2) information received by DEC after the Effective Date as provided in Paragraph 24 indicating that there is a significant threat to public health and the environment of a type and extent unknown to DEC, which was undiscoverable with the exercise of due diligence as of the Effective Date (New Information). Unknown Conditions and New Information do not include natural resource damages, known hazardous substances found at and around the Site in environmental media, including but not limited to soil, storm sewer sediments, air, storm water, groundwater, and surface water that the DEC was aware of through the various investigations that occurred prior to the Effective Date, or that DEC could have discovered through the exercise of due diligence.

14. **Covenant Not to Sue by the Settling Defendants.** Settling Defendants release and covenant not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state, local, or common law against the State, or its employees, departments, agencies,

or instrumentalities, or to seek against the State any costs, damages, contribution, or attorneys' fees arising out of or relating to any of the Matters Addressed.

Each Settling Defendant agrees not to assert any claims or causes of action under any federal, state, local or common law against any other Settling Defendants together with each and all of their past, present and future officers, directors, shareholders, principals, attorneys, agents, servants, heirs, beneficiaries, insurers, estates, administrators, executors, heirs, legatees, distributees, employees, representatives, contractors, consultants, predecessors, successors, assigns, parents, subsidiaries, associated entities, and affiliated companies, or to seek against other Settling Defendants any costs, damages, contribution or attorneys' fees arising out of or related to any Matters Addressed by this decree.

## CONTRIBUTION PROTECTION

15.    In consideration of Settling Defendants' compliance with this Decree, the parties agree that Settling Defendants are entitled, as of the effective date of this Decree, to the full extent of protection from contribution actions or claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), 6 NYCRR § 375-1.5(b)(5), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of the Settling Defendants to persons not party to this decree arising out of or related to any Matters Addressed. As provided under CERCLA § 113(f), 42 U.S.C. § 9613(f) and New York General Obligations Law § 15-108, and to the extent authorized under any other applicable law, Settling Defendants shall be deemed to have resolved their liability to the State under applicable law including, without limitation, CERCLA, the New York State Environmental Conservation Law, and common law, for purposes of contribution protection and with respect to the Matters Addressed pursuant to and in accordance with this decree.

16.    Any rights Settling Defendants may have to obtain contribution or otherwise recover costs or damages from persons not party to this decree are preserved except as against the other Settling Defendants. In addition, all claims and defenses of Settling Defendants with respect to all persons other than the State are expressly reserved.

## ENVIRONMENTAL EASEMENT AND ACCESS RIGHTS

17.    Respondent (or the owner of the Site) shall submit to the DEC for approval an Environmental Easement to run with the land in favor of the State which complies with the requirements of ECL Article 71, Title 36, and 6 NYCRR 375-1.8(h)(2). Upon acceptance of the Environmental Easement by the State, Respondent shall comply with the requirements of 6 NYCRR 375-1.8(h)(2).

18.    Notwithstanding any provision of this Consent Decree, the United States and the State retain all of their access authorities and rights, as well as all of their rights to require Institutional Controls, including enforcement authorities related thereto, under CERCLA and any other applicable statute or regulations.

## DISMISSAL OF THE CLAIMS AND RETENTION OF JURISDICTION

19.    All claims asserted by the State in its Complaint and by Defendant in its Third-Party Complaint against Settling Defendants are hereby settled and dismissed with prejudice and without costs.

20.    For purposes of entry and enforcement of this decree, the parties to this Decree agree that the Court shall have continuing jurisdiction to enforce the terms of this decree and to resolve any disputes that may arise hereunder and shall retain jurisdiction until Settling Defendants have made the payments as provided in Paragraphs 10(a) and 10(c).

## EFFECT ON LIABILITY OF OTHER PARTIES

21.     Nothing in this decree is intended as a release of, or covenant not to sue with respect to, any person or entity other than Settling Defendants or their respective heirs, members, shareholders, agents, successors, representatives, insurers, and assigns, and the State expressly reserves its rights to assert in a judicial or administrative forum any claim or cause of action, past or future, in law or in equity, that the State may have against any other person, firm, corporation, or other entity.

## NOTIFICATIONS

22.     Any notification to the State and Settling Defendants shall be in writing or electronic mail and shall be deemed properly given if sent to the following (or to such other addresses as the parties may specify):

**As to Settling Defendants:**

Dale A. Desnoyers, Esq.
Allen & Desnoyers LLP
*Attorneys for Third-Party Defendants*
*Hyuk Shik Chun and New Fashion Care*
 *Laundry & Cleaners, Inc.*
120 Defreest Drive,
Troy, New York 12180
(518) 426-2288
dale@allendesnoyers.com

Alan J. Knauf, Esq.
Melissa M. Valle, Esq.
Knauf Shaw LLP
*Attorneys for Third-Party Defendants*
*Peter L. Arnos, Ednamae Arnos*
*and Fashion Care Laundry & Dry Cleaners, Inc.*
1400 Crossroads Building
2 State Street
Rochester, New York 14614
(585) 546-8430
aknauf@nyenvlaw.com
mvalle@nyenvlaw.com

Joseph F. Castiglione, Esq.
Young/Sommer LLC
*Attorneys for Defendant Ouderkirk RTP, Inc.*
Executive Woods 5 Palisades Drive
Albany, NY 12205
(518) 438-9907
jcastiglione@youngsommer.com

**As to the State:**

HON. LETITIA JAMES
Attorney General of the State of New York
*Attorney for Plaintiffs*
Stephen M. Nagle, Assistant Attorney General
Environmental Protection Bureau
The Capitol Albany, New York 12224-0341
(518) 776-2400
Stephen.Nagle@ag.ny.gov

## COMPLETE AGREEMENT

23.    This Decree constitutes the complete agreement of the parties. This Decree may not be amended, modified, supplemented, or otherwise changed without approval of this Court and the written consent of both the State and Settling Defendants.

## SIGNATORIES

24.    Each undersigned representative of the Parties certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

25.    This Consent Decree may be executed in counterparts, and each such counterpart shall be deemed to be an original instrument, but all such counterparts together shall constitute one agreement.

## FINAL JUDGMENT / EFFECTIVE DATE

26.    Upon entry of this Consent Decree by the Court, this Consent Decree shall become effective and constitute the final judgment between and among the United States and the Additional Claimants.  The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

## END OF AGREEMENT - SIGNATURES ON NEXT PAGE

**AGREED TO BY:**

Dated: Albany, New York
_____ ___, 2022

STATE OF NEW YORK and BASIL SEGGOS, as
COMMISSIONER OF THE NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION and TRUSTEE OF NEW YORK
STATE'S NATURAL RESOURCES


By: _____
Name: Stephen M. Nagle
Title: Assistant Attorney General


Dated: Albany, New York
_____ ___, 2022

Hyuk Shik Chun and New Fashion Care
Laundry & Cleaners, Inc.


By: _____
Dale A. Desnoyers, Esq.
Allen & Desnoyers LLP


Dated: Albany, New York
_____ ___, 2022

Peter L. Arnos, Ednamae Arnos
and Fashion Care Laundry & Dry Cleaners, Inc.


By: _____
Alan J. Knauf Esq.
Knauf Shaw LLP


Dated: Albany, New York
_____ ___, 2022

Ouderkirk RTP, Inc.


By: _____
Joseph F. Castiglione, Esq.
Young/Sommer LLC

**AGREED TO BY:**

Dated: Albany, New York
_July 20_, 2022

STATE OF NEW YORK and BASIL SEGGOS, as
COMMISSIONER OF THE NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION and TRUSTEE OF NEW YORK
STATE'S NATURAL RESOURCES

By: _____
Name: Stephen M. Nagle
Title: Assistant Attorney General

Dated: Albany, New York
_____ ___, 2022

Hyuk Shik Chun and New Fashion Care
Laundry & Cleaners, Inc.

By: _____
Dale A. Desnoyers, Esq.
Allen & Desnoyers LLP

Dated: Albany, New York
_____ ___, 2022

Peter L. Arnos, Ednamae Arnos
and Fashion Care Laundry & Dry Cleaners, Inc.

By: _____
Alan J. Knauf Esq.
Knauf Shaw LLP

Dated: Albany, New York
_____ ___, 2022

Ouderkirk RTP, Inc.

By: _____
Joseph F. Castiglione, Esq.
Young/Sommer LLC

**AGREED TO BY:**

Dated: Albany, New York
_____ ___, 2022

STATE OF NEW YORK and BASIL SEGGOS, as COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION and TRUSTEE OF NEW YORK STATE'S NATURAL RESOURCES

By: _____
Name: Stephen M. Nagle
Title: Assistant Attorney General

Dated: Albany, New York
_____ ___, 2022

Hyuk Shik Chun and New Fashion Care Laundry & Cleaners, Inc.

By: _____
Dale A. Desnoyers, Esq.
Allen & Desnoyers LLP

Dated: ~~Albany~~ Rochester, New York
~~_____ ___~~ July 20, 2022

Peter L. Arnos, Ednamae Arnos and Fashion Care Laundry & Dry Cleaners, Inc.

By: _____
Alan J. Knauf Esq.
Knauf Shaw LLP

Dated: Albany, New York
_____ ___, 2022

Ouderkirk RTP, Inc.

By: _____
Joseph F. Castiglione, Esq.
Young/Sommer LLC

**AGREED TO BY:**

Dated: Albany, New York
_____ \_\_\_, 2022

STATE OF NEW YORK and BASIL SEGGOS, as
COMMISSIONER OF THE NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION and TRUSTEE OF NEW YORK
STATE'S NATURAL RESOURCES

By: _____
Name: Stephen M. Nagle
Title: Assistant Attorney General

Dated: Albany, New York
July \_\_\_20\_, 2022

Hyuk Shik Chun and New Fashion Care
Laundry & Cleaners, Inc.

By: _____
Dale A. Desnoyers, Esq.
Allen & Desnoyers LLP

Dated: Albany, New York
_____ \_\_\_, 2022

Peter L. Arnos, Ednamae Arnos
and Fashion Care Laundry & Dry Cleaners, Inc.

By: _____
Alan J. Knauf Esq.
Knauf Shaw LLP

Dated: Albany, New York
_____ \_\_\_, 2022

Ouderkirk RTP, Inc.

By: _____
Joseph F. Castiglione, Esq.
Young/Sommer LLC

# AGREEMENT FOR SALE
# OF PROPERTY

## <u>*CONTRACT FOR PURCHASE AND SALE OF REAL ESTATE*</u>

This Contract for Sale is made on _____1st_____ day of _____August_____, 2022, (hereinafter referred to as "Contract" or "Agreement")

**BETWEEN**

**OUDERKIRK RTP, INC., 90 State Street, 7th Floor, Albany, NY  12207**

**(referred to as the "Seller")**

**AND**

**NEW FASHION CARE LAUNDRY & DRY CLEANERS, INC., 595 Columbia Turnpike, East Greenbush, NY 12061**

**(referred to as the "Buyer" and "Purchaser")**

The words "Buyer" (or sometimes referred to as "Purchaser") and "Seller" include all Buyers and Sellers listed above.

1.    **PURCHASE AGREEMENT.**  The Seller agrees to sell and the Buyer agrees to buy the property described in this Contract.

2.    **PROPERTY**.  The property to be sold consists of: [a] the land and all the buildings, other improvements and fixtures on the land; [b] all of the Seller's rights relating to the land; and [c] Seller's rights and privileges, if any, to all land, water, streets and roads annexed to, and on all sides of the property.  The real property to be sold is commonly known as 595 Columbia Turnpike, East Greenbush, NY 12061.

3.    **ITEMS INCLUDED IN SALE (where applicable):**

| | |
|---|---|
| Heating and Lighting Fixtures | Built-in Bathroom and Kitchen |
| Cabinets | Drapery Rods and Curtain Rods |
| Shades and Blinds | Storm Windows and Screens |
| Storm and Screen Doors | Plumbing Fixtures |
| Pumps | Awnings |
| Smoke Detectors | Alarm Systems |
| Shrubbery, Trees, Plants and Fencing | |

*4.*    **ITEMS EXCLUDED FROM SALE:**  The following items are excluded from the sale: *None.*

5.    **PURCHASE PRICE.**  The purchase price is **$1.00 ($1.00)** and other good and valuable consideration including releases and covenants not to sue which was the subject of a Consent Decree filed in Federal Court captioned *State of New York et al vs. Ouderkirk RTP, Inc.*, Case Number 1:31-cv-321.

6.    **PAYMENT OF PURCHASE PRICE.**  The Buyer will pay the purchase price at closing.

7.    **MORTGAGE AND DEED RECORDING FEES AND TRANSFER TAX.**  The deed recording fees shall be paid by the Buyer.  The Seller shall pay the New York State Real Property Transfer Tax as set by law and the expenses of procuring and recording satisfactions or releases of any existing mortgages or notes.

8.    **TITLE AND SURVEY.**  A title insurance policy, satisfactory to the purchaser and the purchaser's lender, may be obtained at the expense of Buyer.  Purchaser shall have the option of procuring a new survey at Purchaser's expense.  The Seller shall cooperate in providing any available survey, abstract of title or title insurance policy information, without cost to Purchaser.

9.    **TIME AND PLACE OF CLOSING.** The closing date cannot be made final at this time. The Buyer and Seller agree the estimated date for the closing shall be within 30 days of the entry of the Consent Decree filed in the action in Federal Court captioned *State of New York et al vs. Ouderkirk RTP, Inc.*, Case Number 1:31-cv-321 ("Consent Decree").  Both parties will fully cooperate so the closing can take place on or about the estimated date.  The closing shall be held at the office of the attorney for the lender, which must be located in the county in which the property is located or an adjoining County, unless otherwise agreed.

10.    **TRANSFER OF OWNERSHIP.**  At the closing, the Seller will transfer ownership of the property to the Buyer.  The Seller will give the Buyer a properly executed deed and marketable title in accordance with the terms herein.

11.    **TYPE OF DEED.**  The Seller agrees to provide and the Buyer agrees to accept a Quit Claim Deed.

12.    **PHYSICAL CONDITION OF THE PROPERTY.**  This property is being sold "as is". The Seller does not make any claims or promises about the condition or value of any of the property included in this sale except as otherwise set forth herein.  The Buyer accepts the obligations and responsibilities related to the property as provided under the Consent Decree.

13.    **OWNERSHIP**.  The Seller shall convey and the Buyer shall accept the property subject to all covenants, conditions, restrictions and easements of record, the restrictions set forth in paragraph 15 above, and zoning and environmental protection laws so long as the property is not in violation thereof, and the foregoing does not prevent the intended use of the property for the purpose of residential**;** also subject to any unpaid installments of street or other improvement assessments payable after the date of the transfer of title to the property, and any state of facts which an inspection and/or accurate survey may show, provided that nothing in this paragraph renders the title to the property unmarketable.

14.    **ADJUSTMENTS AT CLOSING.**  The Buyer and Seller agree not to adjust for the following expenses as of the closing date: taxes.

15.    **REAL ESTATE BROKER.** The parties agree that no broker was used to bring about this sale.

16.  **COMPLETE AGREEMENT.**  This contract is the entire and only agreement between the Buyer and the Seller.  This contract replaces and cancels any previous agreements between the Buyer and the Seller.  This contract can only be changed by an agreement in writing signed by both Buyer and Seller, or their representatives.  The Seller states that the Seller has not made any other contract to sell the property to anyone else.

17.  **PARTIES LIABLE.**  This contract is binding upon all parties who sign it and all who succeed to their rights and responsibilities.

18.  **NOTICES.**  All notices under this contract must be in writing, and shall be delivered to the attorney for the parties.  The notices must be delivered personally or mailed by certified mail, return receipt requested, regular mail or verified facsimile, or overnight mail to the other party's attorney at the address written in this contract by the date specified.  Electronic mail shall also be considered acceptable for communication.

19.  **ASSIGNMENT.**  The parties agree that Purchaser can assign this Contract of Sale to any third party without the consent of the Seller, but any such assignment must be in accord with the Buyer's rights and obligations under the Consent Decree.  In the event of such an assignment, the Purchaser shall advise the Seller's Attorney in writing.  The Seller shall remain fully liable on this Contract of Sale and shall not be released thereby from performing any of the terms, covenants and conditions of this Contract of Sale.

20.  **ATTORNEY AMENDMENTS.** The respective attorneys for the parties, as herein identified, are hereby authorized by their respective clients to (i) agree to extensions of time periods as provided herein; (ii) modify or amend this Contract, provided any such notice, extension, modification or amendment shall be in writing and signed by such attorney; and (iii) initial any changes in this Contract on behalf of their respective clients after the same has been executed by such attorney's client.

SIGNED AND AGREED TO BY:

_____       7/20/2022
Ouderkirk RTP, Inc.                    Date
By:  Adam Ouderkirk
Title: Vice President/Treasurer


_____       _____
Hyun Chun                             Date

16. **COMPLETE AGREEMENT.** This contract is the entire and only agreement between the Buyer and the Seller. This contract replaces and cancels any previous agreements between the Buyer and the Seller. This contract can only be changed by an agreement in writing signed by both Buyer and Seller, or their representatives. The Seller states that the Seller has not made any other contract to sell the property to anyone else.

17. **PARTIES LIABLE.** This contract is binding upon all parties who sign it and all who succeed to their rights and responsibilities.

18. **NOTICES.** All notices under this contract must be in writing, and shall be delivered to the attorney for the parties. The notices must be delivered personally or mailed by certified mail, return receipt requested, regular mail or verified facsimile, or overnight mail to the other party's attorney at the address written in this contract by the date specified. Electronic mail shall also be considered acceptable for communication.

19. **ASSIGNMENT.** The parties agree that Purchaser can assign this Contract of Sale to any third party without the consent of the Seller, but any such assignment must be in accord with the Buyer's rights and obligations under the Consent Decree. In the event of such an assignment, the Purchaser shall advise the Seller's Attorney in writing. The Seller shall remain fully liable on this Contract of Sale and shall not be released thereby from performing any of the terms, covenants and conditions of this Contract of Sale.

20. **ATTORNEY AMENDMENTS.** The respective attorneys for the parties, as herein identified, are hereby authorized by their respective clients to (i) agree to extensions of time periods as provided herein; (ii) modify or amend this Contract, provided any such notice, extension, modification or amendment shall be in writing and signed by such attorney; and (iii) initial any changes in this Contract on behalf of their respective clients after the same has been executed by such attorney's client.

SIGNED AND AGREED TO BY:


_____          _____
Ouderkirk RTP, Inc.                      Date
By:
Title:


_____          __8/1/2022__
Hyun Chun                                Date
By: New Fashion Care Laundry & Dry Cleaners, Inc.
Title: *President*